UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:

RAYDENE Y CHRISTIAN,

    Debtor.
_____/

ROBERT A. ANGUEIRA, as Trustee
in Bankruptcy for Raydene Y Christian,

    Plaintiff,
vs.

DALE E CHRISTIAN, individually,

    Defendant.
_____/

CHAPTER 7

CASE NO.: 16-21260-LMI

ADV. CASE NO:

## COMPLAINT TO SELL REAL PROPERTY PURSUANT TO 11 U.S.C. §363(h)

COMES NOW Robert A. Angueira, as Chapter 7 Trustee of the Bankruptcy Estate for the above-named Debtor (the "*Trustee*" or "*Plaintiff*") by undersigned counsel, hereby sues the Defendant, Dale E Christian, individually, and states as follows:

### Jurisdiction & Venue

1. This is an adversary proceeding brought by the Trustee under Fed. R. Bankr. P. 7001, *et seq.* to sell real property pursuant to 11 U.S.C. §363(h).

2. This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334(b), as well as Federal Bankruptcy Rule 7001(3).

3. This is a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. § 157 (b)(2)(A), (N) and (O).

4. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1409(a).

5. The Trustee consents to the entry of a final order and judgment by the Bankruptcy Court.

## The Parties & Procedural Background

6. The underlying Chapter 7 case was commenced by the filing of a voluntary Chapter 7 bankruptcy petition for the Debtor Raydene Y. Christian (the "***Debtor***") on August 16, 2016 (the "***Petition Date***").

7. Robert A. Angueira is the duly appointed and qualified Trustee in the underlying Chapter 7 bankruptcy proceeding (the "***Trustee***"). This action is brought solely in Mr. Angueira capacity as Trustee.

8. The defendant Dale E. Christian is the adult sister of the Debtor for all times material to this action, and is otherwise subject to the jurisdiction of the Court.

## Background Facts Common to All Counts

9. As of the Petition Date, the Debtor owned a fifty percent (50%) interest in the property located at 2471 Briarwood Ct. Villa Rica, Georgia (the "***Real Property***").

10. A copy of the Deed evidencing the Debtor's Petition-Date interest in the Real Property is attached as **Exhibit 1**.

11. The Real Property is more specifically described as follows:

> ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 18 OF THE 5TH SECTION OF CARROL COUNTY, GEORGIA, BEING LOT 471, FAIRFIELD PLANTATION, SECTION 2, AS PER PLAT RECORDED IN PLAT BOOK 12, PAGE 5 CARROLL COUNTY, GEORGIA RECORDS WHICH PLAT IS HEREBY REFERRED TO AND MADE A PART OF THIS DESCRIPTION.
>
> Parcel #FO2 0471

12. Additionally, attached as **Exhibit 2** is a copy of an application to combine land parcels dated March 4, 2014, signed by the Debtor and the Defendant.

13. As of the Petition Date, the Debtor owned a 50% interest in the Real Property.

14. As of the Petition Date, Defendant Dale E. Christian owned a 50% interest in the Real Property.

15. The Real Property has a tax assessed value of $177,850.00.

16. Upon reasonable information and belief, the Real Property is subject to two mortgages with a combined amount of $148,830.38.

17. Upon reasonable information and belief, a search of the public records for Carroll County where the Real Property is located shows that the Defendant does not claim the Real Property to be her homestead.

18. The Debtor did not listed her interest in the Real Property on Schedule "A" of her Chapter 7 Bankruptcy Petition [Main Case D.E. 8] or her Amended Schedule "A" [Main Case D.E. 24].

19. The Debtor's interest in the Real Property is non-exempt property of the bankruptcy estate pursuant to 11 U.S.C. §541 and subject to administration by the Trustee.

### Count I:
### *Action to Sell Real Property Pursuant to 11 U.S.C. §363(h)*

20. The Plaintiff/Trustee realleges and reaffirms those allegations contained in paragraphs 1 through 19 above.

21. 11 U.S.C. §363(h) provides, in pertinent part,

> (h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—
> (1) partition in kind of such property among the estate and such co-owners is impracticable;
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

3

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

22. Partition in kind of such Real Property among the bankruptcy estate and the Defendant is impractical. There is no practicable manner of partition of the Real Property, other than through a sale and division of the proceeds. Upon information and belief, the Real Property cannot be subdivided

23. The sale of the Estate's interest in the Real Property (subject to the interest of the Defendant) would realize significantly less for the Estate than the sale of such property free of the interest of the Defendant. There is a chilling effect upon any prospective purchase of the Estate's interest as long as the Defendant retains any interest within the Real Property.

24. The benefit to the Estate of a sale of the Real Property free of the interest of the Defendant out-weighs the detriment, if any, to the Defendant. From a sale of the Real Property, the Defendant would receive lump sum proceed equal to her pro rata interest (if any) of the net sale amount, which would enable her to purchase any additional real property if desired. Additionally, the substantial equity within the Real Property would enable the Defendant to obtain financing to purchase the bankruptcy estate's interest in the Real Property, if the Defendant chose to do so.

25. The Real Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

26. 11 U.S.C. § 363(j) provides that –

> After a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to the debtor's spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate.

27. Upon completion if sales of the Real Property, the Plaintiff seeks authority pursuant to 11 U.S.C. §363(j) to distribute the proceeds of such sale, the costs and expenses according to the interest of the Defendant and the Estate.

28. The amount of funds which would be deemed to be net proceeds, should not include any funds necessary to pay the mortgages and any unauthorized liens (if any) upon the subject Real Property whereby the amount necessary to pay such liens should be paid from any proceeds attributable to the Defendant.

29. To the extent such liens (if any) exceed the amount of net proceeds that the Trustee would be entitled to receive from the sale of the Real Property if such liens had not been placed upon the Real Property, the Trustee seeks a money judgment against the Defendant who placed or allowed attachment of such an unauthorized lien, for the amount of the unauthorized lien, plus attorneys' fees and costs.

WHEREFORE, pursuant to 11 U.S.C. §363(h) and Rule 7001(3), Fed. R. Bankr. P., the Plaintiff, Robert A. Angueira, Trustee in Bankruptcy for Raydene Y Christian, by and through undersigned counsel, seeks for the Court to enter a judgment in his favor and against the Defendant, providing that:

    (a) The Plaintiff may sell the Estate's interest and the interest of the Defendant in the Real Property, free and clear of the interest of the Defedant;

    (b) The Defendant shall be given the right to purchase the Real Property at any proposed sale price the Trustee may obtain, pursuant to 11 U.S.C. §363(i);

    (c) The Plaintiff, may obtain the proceeds of such sale equivalent to the Bankruptcy Estate's interest in each of the Real Property, and the the Defendant may obtain the proceeds of such sale equivalent to her interest (if any) in the Real Property, less the costs and expenses of such sale as provided by 11 U.S.C. §363(j);

    (d) Any proceeds that the Defendant shall receive shall be set off by the Trustee to first pay any unauthorized liens or other liens placed on the Real Property by the Defendant.

5

(e) All court costs of this action and attorney fees of this action (as approved and allowed by the Bankruptcy Court) shall be deemed costs of the sale which must be deducted from the proceeds of the sale before any proceeds are then distributed to the Estate and the Defendant; and

(f) Granting any such further relief as the Court deems Just and Proper.

### Reservation of Rights

30. The Trustee reserves his rights to amend this Complaint, upon completion of investigation and discovery, to assert such additional claims for relief against the Defendant and other responsible parties as may be warranted under the circumstances.

Dated: December 20, 2016.

ROBERT A. ANGUEIRA, P.A.
6495 S.W. 24th Street
Miami, Florida 33155
Tel. (305) 263-3328
Fax (305) 263-6335
e-mail yanay@rabankruptcy.com

By _____
YANAY GALBAN, ESQ
Florida Bar No. 0105146



PT-61 022-2006-001431
CARROLL COUNTY, GEORGIA
REAL ESTATE TRANSFER TAX
PAID _____
DATE 3/6/06
_____
CLERK OF SUPERIOR COURT

FILED
GA, CARROLL COUNTY
CLERK SUPERIOR COURT
06 MAR -6 PM 12: 19
_____
CLERK SUPERIOR COURT

Return Recorded Document to:
**DEFOOR & JONES, PC**

**3133 GOLF RIDGE BOULEVARD, STE. 101**

**DOUGLASVILLE, GA. 30135**

# WARRANTY DEED

**STATE OF GEORGIA**

**COUNTY OF DOUGLAS**

File #: 06020701

This Indenture made this 24th day of February, 2006 between **DALE E. CHRISTIAN**, of the County of DOUGLAS, State of Georgia, as party or parties of the first part, hereinafter called Grantor, and **DALE EVALEE CHRISTIAN AND RAYDENE YVONNE CHRISTIAN**, as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

**W I T N E S S E T H** that: Grantor, for and in consideration of the sum of **TEN AND 00/100'S ($10.00) Dollars** and other good and valuable considerations in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm unto the said Grantee,

See Exhibit "A" Attached

This Deed is given subject to all easements and restrictions of record, if any.

**TO HAVE AND TO HOLD** the said tract or parcel of land, with all and singular the rights, members and appurtenances thereof, to the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoof of the said Grantee forever in **FEE SIMPLE**.

**AND THE SAID** Grantor will warrant and forever defend the right and title to the above described property unto the said Grantee against the claims of all persons whomsoever.

**IN WITNESS WHEREOF**, Grantor has hereunto set grantor's hand and seal this day and year first above written.

Signed, sealed and delivered in the presence of:

_____          _____(Seal)
Witness                                                              DALE E. CHRISTIAN

_____          _____(Seal)
Notary Public

                                                              _____(Seal)

## Exhibit "A"

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 18 OF THE 5TH DISTRICT, 5TH SECTION OF CARROLL COUNTY, GEORGIA, BEING LOT 471, FAIRFIELD PLANTATION, SECTION 2, AS PER PLAT RECORDED IN PLAT BOOK 12, PAGE 5, CARROLL COUNTY, GEORGIA RECORDS WHICH PLAT IS HEREBY REFERRED TO AND MADE A PART OF THIS DESCRIPTION.





Ps. mail 2 copies

# CARROLL COUNTY, Georgia
## APPLICATION to COMBINE LAND PARCELS

Note: Only the deed holding, property owner(s) may make a request to combine parcels.

**Property Owner:**
**Information:** Name: Christian, Dale Jradie & Kaydine Ynrae  Telephone: 305-505-1530

Mailing Address: 8665 NW 2 Terrace
Miami FL 33126

**Property Information:** Parcels to be combined:

(✓) Size (acres): .36   Parcel: F02-0470   District: 5TH  LL: 18
(fee) Size (acres): .39   Parcel: F02-0471   District: 5TH  LL: 18
Size (acres): _____   Parcel: _____   District: ____ LL: ___
Size (acres): _____   Parcel: _____   District: ____ LL: ___
Size (acres): _____   Parcel: _____   District: ____ LL: ___

Total Acres: (.75 AC per plat)

Subdivision Name: Fairfield Plantation

Owner Signature: [signatures]  X: 3-4-2014
Date

**BELOW IS FOR OFFICE USE ONLY**

**Commissioner**
Current on all parcels? Yes X  No ___    Taxes Paid thru Year: 2013
Signature: _____   Date: 3/6/14
Comments: Per Carroll Co. website

**Planning & Zoning**
Signature: Wayne Dunn   Date: 3/4/14
Comments: _____

**Map Room**
New Parcel # of combined parcels: F02-0471   Combined for tax year: 2014
Mapper: K. McAdams

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:

RAYDENE Y CHRISTIAN,

____Debtor._____/

ROBERT A. ANGUEIRA, as Trustee
in Bankruptcy for Raydene Y Christian,

    Plaintiff,
vs.

DALE E CHRISTIAN, individually, :

____Defendant._____/

CHAPTER 7

CASE NO.: 16-21260-LMI

ADV. CASE NO:

## NON-MILITARY AFFIDAVIT

STATE OF FLORIDA        )
COUNTY OF MIAMI – DADE )    ss:

    **COMES NOW** Yanay Galban, in her capacity as Counsel to the Chapter 7 Trustee of the above-captioned case, being duly sworn, does hereby affirm as follows:

    1.    I am the Plaintiff's Counsel in this matter, am over the age of 18 years, and am otherwise of sound mind to make this statement.

    2.    Defendant Dale E. Christian is not in the military service of the United States or any of its allies.

    FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Yanay Galban, ESQ.

    SWORN TO AN SUBSCRIBED before me this 20 day of December, 2016. The Affiant is personally known to me and did take an oath.

My Commission Expires:_____  Notary Public

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:

RAYDENE Y CHRISTIAN,

    Debtor.                                    /

ROBERT A. ANGUEIRA, as Trustee
in Bankruptcy for Raydene Y Christian,

    Plaintiff,
vs.

DALE E CHRISTIAN, individually,

    Defendant.                                 /

CHAPTER 7

CASE NO.: 16-21260-LMI

ADV. CASE NO:

## AFFIDAVIT OF NO FUNDS IN THE ESTATE

STATE OF FLORIDA      )
COUNTY OF MIAMI – DADE )   ss:

    **COMES NOW** Robert A Angueira, in his capacity Chapter 7 Trustee of the above-captioned case, being duly sworn, does hereby affirm as follows:

    1.    As of the date of the *Complaint* which is being filed contemporaneously with this Affidavit, there are no funds in the Estate.

    2.    As of the date of this Affidavit there are no funds in the estate. When funds become available to the Trustee, all filing fees due to the Clerk of Courts will be paid.

    FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
ROBERT A. ANGUEIRA, TRUSTEE

    SWORN TO AN SUBSCRIBED before me this 20 day of December, 2016. The Affiant is personally known to me and did take an oath.

_____
Notary Public

My Commission Expires: